UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV442-J

BRENDA K. PROCTOR                                                   PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Brenda Proctor ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g) denying her claim to disability insurance benefits and supplemental security income payments. After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

In December 2004 and January 2005, Claimant filed applications for disability insurance benefits and supplemental security income payments. At the hearing she alleged that she became disabled as of November 1, 2004. After the hearing, Administrative Law Judge Michael J. Nichols ("ALJ") determined that Ms. Proctor's chronic obstructive pulmonary disease, sleep apnea and depression were severe impairments that prevented her from returning to any of her past relevant work. The ALJ further found that she retained the residual functional capacity for a significant number of jobs. This became the final decision of the Defendant when the Appeals Council denied review on March 21, 2007.

## STANDARD OF REVIEW

The disability determination process consists of five steps. <u>Wyatt v. Secretary</u>, 974 F.2d 680 (6th Cir. 1992). These steps are approached sequentially, and a finding at any step that is adverse to the claimant terminates the process:

1. The claimant must not be engaged in substantial gainful activity.

2. The alleged disabling impairment must be "severe," meaning that it significantly limits the individual's ability to do basic work activities necessary for most jobs, such as walking, standing, sitting, lifting, seeing, hearing and speaking. 20 CFR Section 416.921.

3. If the claimant has a medical condition that meets or exceeds the impairments listed in Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as "the Listings"), the evaluation terminates and the claimant is conclusively presumed to be disabled. <u>Lankford v. Sullivan</u>, 942 F.2d 301 (6th Cir. 1991).

4. The claimant must be unable to do his or her past relevant work.

5. If the claimant shows inability to do the past relevant work, the Commissioner must come forward with evidence to show that the claimant can still perform a significant number of jobs. <u>Born v. Secretary</u>, 923 F.2d 1168 (6th Cir. 1990).

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner. <u>Elam v. Commissioner</u>, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. <u>N.L.R.B. v. Columbian Enameling and Stamping Co.</u>, 306 U.S. 292 (1939); <u>Foster v. Bowen</u>, 853 F.2d 483 (6th Cir. 1988). The substantial evidence standard

presupposes that there is a "zone of choice within which the decisionmakers can go either way," and this Court is not permitted to reverse a decision merely because substantial evidence would have supported the contrary decision. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

## ARGUMENTS ON THIS APPEAL

Plaintiff argues that substantial evidence fails to support the ALJ's conclusion that she could function in a low stress environment. She acknowledges the medical examiner's opinion that her impairment affects ability to tolerate stress "with moderate limitations noted" (Tr. 182) and she also acknowledges that the testifying vocational expert used the term "moderate" limitation to refer to restrictions operative "up to half of the time." Tr. 285. Plaintiff's argument is that for the ALJ to rely on the psychologist's report to support his finding of ability to do low stress work, he must himself supply a vocational evaluation, which an ALJ is not qualified to provide.

The Commissioner points out that the same psychologist's report identified only "slight" limitations in responding to pressures in a work setting. Thus, he argues, there is evidentiary support for the ALJ's conclusion that Ms. Proctor had the capacity for low-stress, simple, routine work.

While the matter is not without some difficulty, the Court concludes that the defendant has the better of this argument. When the statements/findings of the three actors – i.e., medical professional, vocational expert, and ALJ – are examined within the context of their appropriate sphere of expertise, no error appears: The psychologist opined that Ms. Proctor had moderate limitations regarding stress, but he also opined that she had slight limitations regarding stress; accordingly, it was entirely appropriate for the ALJ to turn to other evidence, including lay evidence, to resolve this slight ambiguity. The vocational expert explained her understanding of the term "moderate" limitation, but she did not attempt to invade the province of the medical expert by

3

suggesting that Ms. Proctor's stress limitations should be viewed as moderate rather than slight; she also provided evidence regarding jobs available to an individual who required a low stress environment. The ALJ properly utilized the medical and lay evidence to determine Ms. Proctor's residual functional capacity, and properly utilized the vocational evidence to determine the availability of jobs for someone with such a residual functional capacity.

  The Court finds no error, and determines that the decision of the Commissioner is supported by substantial evidence. An order in conformity has this day entered.